UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES JOSEPH SAUER, JOHN WOOD, ANGELA LEON, GRETCHEN WALLACE, ERICK BRAUKS, DAVINA MESSINA, RONALD MESSINA, KEITH CHAMBERS, DAHNAH CHAMBERS, CLEO FLEMING, ROBERT FLEMING and KRISTEN LOTHIAN,

    Plaintiffs,

v.                                            Case No: 6:24-cv-2309-JSS-LHP

SOLAR MOSAIC, LLC and SOLAR MOSAIC, INC.,

    Defendants.
_____/

## ORDER

    Plaintiffs Charles Joseph Sauer, John Wood, Angela Leon, Gretchen Wallace, Erick Brauks, Davina Messina, Ronald Messina, Keith Chambers, Dahnah Chambers, Cleo Fleming, Robert Fleming, and Kristen Lothian filed a class action complaint on behalf of themselves and all others similarly situated, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1640, deceptive and unfair trade practices, and fraudulent inducement against Defendants Solar Mosaic, LLC and Solar Mosaic, Inc. regarding consumer loan agreements for the purchase of residential solar energy panels. (Dkt. 1.)

Defendants pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, move to compel arbitration of Plaintiffs' claims on an individual basis in accordance with the arbitration provisions contained in the parties' loan agreements (Dkts. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, and 1-9), and to stay this action pending completion of arbitration. (Motion, Dkt. 19). Defendants also request the court take judicial notice of a certified copy of its Certificate of Merger on file with the State of Delaware Secretary of State because Plaintiffs have improperly named Solar Mosaic, LLC and Solar Mosaic, Inc. as Defendants because Solar Mosaic, LLC is the successor in interest to Solar Mosaic, Inc. (*Id.* at 9 n. 1.) Plaintiffs do not dispute that Solar Mosaic, LLC is the successor in interest to Solar Mosaic, Inc. (Dkt. 23 at 1 n.1.)

On February 24, 2025, Plaintiffs filed a Stipulation to Arbitration and to Stay in which Plaintiffs represent they consent to the relief requested in the Motion. (*Id.* at 2.) As such, on March 5, 2025, United States Magistrate Judge Leslie Hoffman Price entered a Report and Recommendation recommending that Defendants' Motion be granted. (Dkt. 24.) Neither party has filed an objection to the Report and Recommendation, and the time to do so has now passed.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan*

*v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Upon conducting a careful and complete review of the Magistrate Judge's findings, conclusions, and recommendations, and giving de novo review to matters of law, the court adopts the report and recommendation in full.

Accordingly:

1. The Report and Recommendation (Dkt. 24) is **ACCEPTED** and **ADOPTED**.

2. Defendants' Motion to Compel Arbitration and Stay Proceedings (Dkt. 19) is **GRANTED**.

3. The Court takes judicial notice of the Certificate of Merger merging Solar Mosaic, Inc. with and into Solar Mosaic LLC.

4. The parties **SHALL** submit Plaintiffs' claims to arbitration on an individual basis pursuant to the binding arbitration provisions as set forth

- 4 -

in the loan agreements. (Dkts. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, and 1-9.).

5. This case is **STAYED** pending the outcome of arbitration.

6. The parties **SHALL** file joint status updates every 90 days from the date of this Order and every 90 days thereafter until the conclusion of the arbitration proceedings.

7. The Clerk is **DIRECTED** to terminate any deadlines and administratively close this case.

**ORDERED** in Orlando, Florida, on April 1, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record